

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Leah K. Bolstad
Assistant U.S. Attorney
Leah.bolstad@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
William M. Narus
Acting United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

April 27, 2025

Sohaye Lee
The Law Office of Sohaye Lee
621 SW Morrison St, Suite 1050
Portland, OR 97205

Re:    *United States v. Michael Patrick Llanos*, Case No. 3:24-cr-00046-SI
Plea Agreement Letter 2.0

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count 4 of the Indictment, Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1).

3.    **Penalties**:  The maximum sentence is fifteen years' imprisonment, a fine of up to $250,000, not more than a three-year term of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the date of sentencing or explain to the Court why this cannot be done.  Defendant further stipulates to the forfeiture of the assets as set forth below.

4.    **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts and case 3:24-cr-00044-AN against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Revised June 2023

Re: Michael P. Llanos Plea Agreement Letter
Page 2

5.      **Elements and Factual Basis**:   The parties stipulate and agree to the following essential elements and factual basis occurring in the District of Oregon.  There are four elements:
      (1) On or about June 5, 2023, defendant knowingly possessed a firearm;
      (2) The firearm had previously been transported in interstate and/or foreign commerce;
      (3) At the time he possessed the firearm, he had previously been convicted of crimes punishable by imprisonment for a term exceeding one year; and
      (4) Defendant knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

In March 2023, the FBI started a drug-trafficking investigation of co-defendant Tracie Harbison and then defendant Llanos. Investigators determined that Harbison was selling distribution quantities of powdered fentanyl and methamphetamine to mid-level distributors, and her housemate defendant Llanos appeared to be working with her. On June 5, 2023, investigators executed a federal search warrant at their home on NE Halsey Street in Portland, Oregon.  In Harbison's bedroom, they found 228 grams of fentanyl powder, 788 grams of methamphetamine, ten firearms in a large black container, $13,501 in U.S. Currency, a digital scale and two drug ledgers.  In Llanos' closet, investigators found items associated to Llanos, including an Oregon instructional permit, an Oregon identification card, photographs of Llanos, and multiple pieces of mail that were sent to Llanos. In that same closet, they found eight firearms, multiple loaded magazines, and ammunition.  These eight firearms included two that had been reported stolen, including the Glock 19, 9mm caliber pistol (bearing serial number BNZP686).  Investigators seized a total of seven extended magazines from Llanos' closet, including two loaded 30-round AR magazines.

DNA testing was later performed on swabs from the Glock 19, 9mm caliber pistol (bearing serial number BNZP686) and compared to defendant's DNA. Defendant was found to be a contributor to the mixture of DNA swabbed from this firearm.

Defendant has prior felony conviction cycles for (1) Identity Theft (Clatsop Co. 2022); (2) UUMV (Multnomah Co. 2020); (3) UUMV (Clackamas Co. 2019); (4) Felony Attempt to Elude and UUMV (Clackamas Co. 2016); (5) Felon in Possession of a Weapon (Multnomah Co. 2016); and (6) Felon in Possession of a Weapon (Multnomah Co. 2014). At the time of the instant offense, defendant knew he had been convicted of crimes punishable by terms of imprisonment exceeding one year because he previously served multiple sentences exceeding 13 months.

6.      **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in

Re: Michael P. Llanos Plea Agreement Letter
Page 3

this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level, two if the offense level is 16 or lower. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8.      **Advisory Guideline Calculation:** The parties stipulate and agree to the applicability of the following base offense level and adjustments on Count 4:

| | | |
|---|---|---|
| (1) U.S.S.G. § 2K2.1(a)(4)(B) - Base offense level | | 20 |
| (2) U.S.S.G. § 2K2.1(b)(1) - Eight or more firearms | | +4 |
| (3) U.S.S.G. § 2K2.1(b)(4)(A) - Stolen firearm | | +2 |
| (4) U.S.S.G. § 3E1.1 - Acceptance | | - 3 |
| | | = 23 |

9.      **JOINT Sentencing Recommendation:** If defendant demonstrates an acceptance of responsibility as described above, and if he notifies the court of his plea agreement prior to the deadline in this offer, the parties jointly will recommend, as a reasonable sentence under the factors listed in 18 U.S.C. Section 3553(a), a **77-month sentence**, to be followed by three years of supervised release, a $100 fee assessment, and forfeiture/abandonment of items as described below. The parties jointly recommend that the judgment reflect that this sentence should start running as of the date his federal hold was placed on November 10, 2023.

10.     **Additional Departures, Adjustments, or Variances:** The USAO agrees not to seek any upward departures, adjustments, or variances to the joint sentencing recommendation, or to seek a sentence in excess of that recommendation, except as specified in this agreement. Defendant agrees not to seek downward departures, adjustments, or variances from the jointly recommended sentence.

11.     **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

Re: Michael P. Llanos Plea Agreement Letter
Page 4

12.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.    **Forfeiture & Abandonment Terms**:  By signing this agreement, defendant knowingly and voluntarily forfeits and abandons all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, including all items listed in the Bill of Particulars (ECF No. 53, Case No. 3:23-cr-00046-SI), all seized ammunition and magazines, and the firearm listed in separate case 3:23-cr-00044-AN, a .357 caliber Taurus revolver bearing serial number FR96391, which defendant admits were used to facilitate defendant's criminal activity.

Defendant agrees to abandon all interest in the following items seized as evidence in connection with the case to include:
1.  One (1) SIM Card;
2.  Documents and assorted bags;
3.  Confederate States of America Paper Notes;
4.  Various stones, necklace with globe (silver in color), two rings (gold in color), two pendants;
5.  Foreign Currency:
    1 Irish Punt Note x 2 (Valuation $2.68 USD)
    1 English Pound Note x 1 (Value $1.21 USD),
    5 Canadian Dollar Note x 1 (Valuation $3.66 USD),
    10 Russian Rouble Note x 1 (Valuation $0.10 USD),
    1 Italian Lira Note x 1 (devalued),
    1 Japanese Military Issue Yen x 1 (devalued).

Re: Michael P. Llanos Plea Agreement Letter
Page 5

    6.  Black and white ledger;
    7.  Ledger;
    8.  Empty Sentry safe;
    9.  Samsung Galaxy Note 20 cell phone with "Billy Strings" sticker;
    10. Black bag;
    11. Miscellaneous papers;

16.    **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17.    **Deadline**:  This plea offer expires if not accepted by **May 2, 2025**.

Sincerely,

WILLIAM M. NARUS
Acting United States Attorney

*/s/ Leah K. Bolstad*
LEAH K. BOLSTAD
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

5-14-25
Date

Michael Patrick Llanos, Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

5/14/25
Date

Sohaye Lee, Attorney for Defendant

Revised June 2023